IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nicole M Frye, Administrator of the Estate of James M. Huber<br>45 Crestwood Ln.<br>North East, PA, 16428 | :<br>:<br>:<br>:<br>: | TRIAL BY JURY<br><br>CIVIL ACTION NO. |
| Plaintiff. | : | |
| v. | :<br>: | |
| Anthony Nigro<br>3331 Trooper Paul Kurdys Way<br>Buffalo, NY 14225 | :<br>:<br>:<br>: | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff by and through her attorney Brian J. Zeiger, Esquire, hereby alleges the following:

**JURISDICTION & VENUE**

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Western District of New York and venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. At all times relevant hereto the Plaintiff Nicole, M. Frye is an adult who lives at 45 Crestwood Ln., North East, PA 16248, who is the Administrator of the Estate of James M. Huber.

4. Defendant Anthony Nigro, who conducts business at 3331 Trooper Paul Kurdys Way, Buffalo, NY 14225. Defendant Nigro is being sued in his individual capacity only.

5. At all times material hereto, Defendant Nigro was a New York State Trooper and acted under color of law and within the course and scope of his employment by the State of New York.

## FACTUAL BACKGROUND

6. On February 12, 2022, at or near the area of East Eagle and Washington Streets in Buffalo, NY, the Defendant shot and killed Plaintiff's decedent.

7. At that time and location, the Defendant was working as a New York State Trooper.

8. Before he was killed, the decedent was alleged to have been traveling at a high rate of speed on I-90 and I-190 as observed by other New York State Troopers.

9. Just before Plaintiff's decedent was killed, the Defendant believed he had identified the decedent's vehicle as the vehicle that was alleged to have been traveling at a high rate of speed on I-90 and I-190.

10. Based upon information and belief, decedent's vehicle was stopped and in park.

11. The Defendant exited his vehicle and drew his service weapon.

12. At the time the Defendant exited his vehicle and was approaching the decedent: the decedent's vehicle was in park, the Defendant did not know with certainty that the vehicle he was approaching was the vehicle that was alleged to have been speeding on the interstate, the Defendant did not have any information that the decedent was armed, the Defendant did not observe any innocent bystanders nearby, and the Defendant did not observe any civilian vehicles near the decedent's vehicle.

13. As the Defendant approached the decedent's vehicle, the Defendant held his service

2

weapon in his hands and pointed his weapon at the decedent's head.

14. The Defendant asked the decedent to step out of the car.

15. The decedent did not step out of the car.

16. The Defendant discharged his weapon, instantly killing the decedent.

17. The decedent's cause of death was a gun shot wound.

18. The incident was captured on video.

## COUNT I - EXCESSIVE FORCE - 42 U.S.C. § 1983

19. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

20. Plaintiff believes and therefore avers that the force used upon the decedent was unnecessary and more force than was reasonable and necessary under the circumstances.

21. Plaintiff believes and therefore avers that the Defendant, acting in concert and conspiracy with each other, have by the aforementioned actions deprived the decedent of his constitutional and statutory rights.

22. Defendant's actions was the factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of Five Million ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT II – ASSAULT AND BATTERY – STATE LAW

23. The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

24. The willful and malicious acts of the Defendant constitute assault and battery upon the decedent.

25. Defendant's actions and conduct, as described more fully herein, constituted an intentional display of force which gave the decedent reason to fear or expect immediate bodily harm or injury in one or more of the following respects:

    a. Defendant did not have any information that the decedent was armed;

    b. Defendant did not personally observe decedent violate any traffic laws;

    c. Defendant immediately drew his service weapon at decedent;

    d. Defendant aimed his service weapon at decedent's head.

26. Defendant's actions and conduct constituted physical contact intended to harm another when Defendant fired at decedent's person in the absence of deadly force used against Defendant or another person present, in violation of police policy, striking the decedent in the head.

27. The assault and battery committed by the Defendant upon the decedent was unprovoked and in no manner whatsoever due to any act or failure to act on the part of the decedent.

28. As a direct and proximate result of Defendant's actions the decedent sustained serious injuries, which caused his death.

29. Plaintiff also makes a claim for such injuries, damages and consequences resulting from the assault and battery.

30. Defendant's acts were willful and malicious.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

31. As a direct and proximate result of Defendant's willful actions, the decedent was greatly inconvenienced, humiliated, traumatized, experienced great pain, suffering, and discomfort, some or all of which may result in permanent loss.

WHEREFORE, Plaintiff requests the following sum in excess of five million dollars ($5,000,000) plus costs and delay damages, and all other appropriate relief, to wit:

a. Compensatory damages as to all defendants;

b. Punitive damages as to all defendants;

c. Compensable litigation costs; and

d. Such other and further relief as appears reasonable and just.

## COUNT III – WRONGFUL DEATH – STATE LAW

32. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

33. Plaintiff, individually and as Administrator of the Estate of James M. Huber, deceased brings the action on behalf of the beneficiaries under and by virtue of New York Consolidated Laws, Estates, Powers and Trusts Law - EPT § 5-4.1 Action by personal representative for wrongful act, neglect or default causing death of decedent (West Publishing 2021)(hereinafter "Wrongful Death Act") and the applicable Rules of Civil Procedure.

34. James M. Huber left surviving him, various children and parents, who are beneficiaries under the Wrongful Death Act.

35. As a result of the conduct of Defendant, as set forth herein, James M. Huber, deceased, was caused grave injuries and death resulting in the entitlement to damages by the beneficiaries under the Wrongful Death Act.

36. Plaintiff, individually and as Administrator of the Estate of James M. Huber, deceased, claims all expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral, and burial expenses and expenses of administration necessitated by reason of the injuries causing James M. Huber's death.

37. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for services provided of which could have been expected to have been performed in the future.

38. On behalf of the Wrongful Death Act Beneficiaries, the Administrator claims damages for all pecuniary loss suffered by the beneficiaries.

39. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

40. On behalf of the Wrongful Death beneficiaries, the Administrator claims damages for the full measure of damages, including punitive damages, allowed under the Wrongful Death Act of New York and the decisional law interpreting said Wrongful Death Act.

WHEREFORE, Plaintiff requests the following sum in excess of five million dollars ($5,000,000) plus costs and delay damages, and all other appropriate relief, to wit:

    a.    Compensatory damages as to all defendants;

    b.    Punitive damages as to all defendants;

    c.    Compensable litigation costs; and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

d. Such other and further relief as appears reasonable and just.

                                     Respectfully submitted,

                                     <u>/s Brian J. Zeiger, Esquire</u>
                                     BRIAN J. ZEIGER, ESQUIRE
                                     Identification No.: 87063
                                     zeiger@levinzeiger.com
                                     LEVIN & ZEIGER, LLP
                                     1500 JFK Blvd, Suite 620
                                     Philadelphia, Pennsylvania 19102
                                     215.546.0340