IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

NICOLE M. FRYE, as Administrator of the Estate of James M. Huber,

            Plaintiff,

-vs-

ANTHONY NIGRO,

            Defendant.

Case No. 1:22-cv-00597-CCR

**Jury Trial Demanded**

---

## ANSWER

Defendant Anthony Nigro, answering the Plaintiff's Complaint, alleges upon information and belief as follows:

1. Admit the allegations contained in paragraphs 2, 5, 7, 8, 9, 11, 13, 14, and 15 of the Complaint.

2. Deny the allegations contained in paragraphs 10, 12, 20, 21, 22, 24, 25, 26, 27, 28, 30, 31, and 35 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 6, 16, 17, and 34 of the Complaint.

4. Deny the allegations contained in paragraphs 1, 29, 33, 36, 37, 38, 39, and 40 of the Complaint, except admit that the Plaintiff purports to proceed as stated therein.

5. With respect to the allegations set forth in Paragraph 4 of the Complaint, admit that the Defendant conducts business at 3331 Trooper Paul Kurdys Way, Buffalo, New York 14225, admit that the Plaintiff purports to sue the Defendant only in his individual capacity, and

further affirmatively allege that at all times relevant to the Complaint, the Defendant was acting in his capacity as a New York State Trooper.

6. Deny the allegations set forth in Paragraph 18 of the Complaint, except admit that certain portions of the Plaintiff's decedent's interaction(s) with the New York State Police were captured on video.

7. With respect to Paragraphs 19, 23, and 32 of the Complaint, admit those allegations as are elsewhere admitted, deny those allegations as are elsewhere herein denied, and deny knowledge or information sufficient to form a belief as to those allegations as are elsewhere herein similarly treated.

### FIRST AFFIRMATIVE DEFENSE

8. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

9. Any use of force by the Defendant as a New York State Trooper against the Plaintiff's decedent was objectively reasonable and justified under New York State and Federal Law.

### THIRD AFFIRMATIVE DEFENSE

10. The injuries and damages alleged in the Complaint were caused by the Plaintiff's decedent's own acts, or omissions to act, which were negligent, reckless, wrongful, intentional, or otherwise culpable; should any damages ultimately be awarded in this matter, they shall be diminished in proportion to the Plaintiff's decedent's culpable conduct.

### FOURTH AFFIRMATIVE DEFENSE

11. The Defendant properly exercised his professional judgment and therefore is entitled to good faith immunity and discretionary immunity from suit.

### FIFTH AFFIRMATIVE DEFENSE

12. Damages for loss of enjoyment of life or so-called hedonic damages are not available to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's available wrongful death damages are limited to those set forth in the New York Estates, Powers, and Trusts Law.

### SEVENTH AFFIRMATIVE DEFENSE

14. The Defendant did not violate any clearly established Federal right of which a reasonable law enforcement officer would have known and therefore he is entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

15. Under the circumstances alleged in the Complaint, upon information and belief, the Plaintiff's decedent engaged in an inherently dangerous activity and assumed all risks of said activity.

### NINTH AFFIRMATIVE DEFENSE

16. Punitive damages cannot be awarded against an individual whom the State of New York is required to indemnify, such as the Defendant herein.

### TENTH AFFIRMATIVE DEFENSE

17. Any force allegedly used against the Plaintiff's decedent did not rise to the level of a constitutional violation.

18. Any force used on the Plaintiff's decedent was reasonable and necessary under the circumstances and any injury or damages suffered by the Plaintiff's decedent was due to and caused by reason of the Plaintiff's decedent's improper acts and conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

19. Upon information and belief, at the time and place alleged in the Complaint, the Plaintiff's decedent was committing or attempting to commit a serious illegal act or acts.

### TWELFTH AFFIRMATIVE DEFENSE

20. Upon information and belief, the economic loss of the Plaintiff's decedent, if any, may be replaced in whole or in part from a collateral source as defined by New York Civil Practice Laws and Rules § 4545 and therefore if the answering Defendant is found liable to the Plaintiff in any manner for any amount, the amount of said liability shall be diminished by the amounts of the funds which the Plaintiff has or shall receive from such collateral sources.

### JURY DEMAND

21. The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant Anthony Nigro demands judgment dismissing the Plaintiff's Complaint, and awarding him costs and disbursements in this action, and such other and further relief as may be just and proper.

Dated: Rochester, New York
December 8, 2022.

/s/ Daniel Evan Strollo
Daniel Evan Strollo, Esq.
*Attorney for Defendant Anthony Nigro*
28 East Main Street, Suite 1200
Rochester, New York 14614
TEL:   585-458-2800 x332
FAX:   585-730-6235
EMAIL: dan@strollo.com

TO:    LEVIN & ZEIGER LLP
        Brian J. Zeiger, Esq.
        1500 JFK Blvd, Suite 620
        Philadelphia, Pennsylvania 19102
        TEL:   215-546-0340
        EMAIL: zeiger@levinzeiger.com