UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE M. FRYE,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY NIGRO,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:22-cv-597<br>)<br>)<br>)<br>)<br>) |

**ENTRY ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL AND
DENYING WITHOUT PREJUDICE MOTION FOR A DEFAULT JUDGMENT**
(Doc. 14)

    Plaintiff Nicole M. Frye, administrator of the estate of James M. Huber, brings this case against Defendant Anthony Nigro, a New York State Trooper, alleging Defendant shot and killed Plaintiff's decedent after he was purportedly seen driving at a high rate of speed on a New York highway and subsequently refused to comply with orders to exit his parked vehicle. She asserts claims for excessive force under 42 U.S.C. § 1983 (Count I), assault and battery (Count II), and wrongful death (Count III) and seeks an award of $5,000,000 in damages.

    Plaintiff is represented by Brian J. Zeiger, Esq. Defendant is represented by Daniel Evan Strollo, Esq.

    On March 14, 2023, Plaintiff filed her first motion to compel Defendant's initial disclosures and discovery. Defendant did not oppose the motion. On June 29, 2023, the court granted Plaintiff's motion and ordered Defendant to file initial disclosures and answer Plaintiff's December 13, 2022 discovery requests by July 21, 2023. The court warned Defendant that "[f]ailure to do so may result in the entry of a default judgment against" him. (Doc. 13.) The court further authorized Plaintiff to file a motion for attorney's fees because her motion to compel was granted.

After Defendant failed to comply with the court's Order, on July 24, 2023, Plaintiff filed her second motion to compel. (Doc. 14.) Defendant did not file an opposition. Although Plaintiff's motion for a default judgment is unopposed, because Plaintiff seeks the most severe sanction the court can impose, *see* Fed. R. Civ. P. 37(b)(vi), the court provides Defendant an additional opportunity for compliance and an additional warning that a default judgment will issue if Defendant persists in his noncompliance with the court's Orders. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) (noting the "most critical[]" factor in evaluating whether the district court abused its discretion in imposing Rule 37 sanctions is whether the "[p]arties [have been] given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders").

The court GRANTS the motion to compel and hereby ORDERS Defendant to respond to Plaintiff's discovery requests within twenty (20) days of this Order and to make its initial disclosures within ten (10) days of this Order.

**FAILURE TO COMPLY WITH THE COURT'S ORDER, WITHOUT GOOD CAUSE, SHALL RESULT IN AN AWARD OF ATTORNEY'S FEES AND A DEFAULT JUDGMENT BECAUSE THIS IS THE SECOND ORDER COMPELLING DEFENDANT'S RESPONSES TO DISCOVERY AND BECAUSE DEFENDANT HAS BEEN PREVIOUSLY WARNED OF THE SANCTIONS THAT MAY BE IMPOSED FOR NONCOMPLIANCE WITH THE COURT'S ORDERS.**

The court addresses by separate Opinion and Order Plaintiff's request for attorney's fees.

SO ORDERED.

Dated this 15th day of September, 2023.

Christina Reiss, District Judge
United States District Court