**IN UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Nicole M. Frye, Administrator of the | : | TRIAL BY JURY |
| Estate of James M. Huber | : | |
|    Plaintiff. | : | CIVIL ACTION NO. 22-597 |
| | : | |
|        v. | : | |
| | : | |
| Anthony Nigro | : | |
|    Defendant. | : | |

## **ORDER**

AND NOW this _____ day of _____, 2023 upon consideration of Plaintiff's Second

Motion to for Default Judgement against the Defendant pursuant to Federal Rule of Civil

Procedure 55(b)(2), it appearing the Defendant has failed to make initial disclosures or answer

Plaintiff's discovery requests, or otherwise defend, and in violation of Rule 37(b)(2)(A), and in

violation of this Court's Orders at ECF 13 and ECF 16, default judgment is hereby entered

against Defendant Anthony Nigro is hereby entered pursuant to Federal Rule of Civil Procedure

55(b).

                                              _____

                                                       J.

## IN UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nicole M. Frye, Administrator of the | : | TRIAL BY JURY |
| Estate of James M. Huber | : | |
|     Plaintiff. | : | CIVIL ACTION NO. 22-597 |
| | : | |
|         v. | : | |
| | : | |
| Anthony Nigro | : | |
|     Defendant. | : | |

## <u>PLAINTIFF'S SECOND MOTION FOR DEFAULT</u>

Plaintiff Nicole Frye, by and through undersigned counsel, submits this motion to compel based on the following:

**I.      Relevant Facts and Procedural History**

1. The Defendant has never made his initial disclosures pursuant to F.R.C.P. 26.

2. Plaintiff served Defendant with discovery requests on December 13, 2022.

3. The Defendant has never responded to the discovery requests.

4. Your Honor held a Rule 16 conference on January 17, 2023. (ECF 9).

5. Defense counsel agreed to make initial disclosures by February 23, 2023. (ECF 10).

6. Defendant's discovery responses were due on January 12, 2023. *See* F.R.C.P 33(a)(2).

7. Defense counsel never made initial disclosures and never produced responses to discovery.

8. Plaintiff filed a Motion to Compel on March 14, 2023. (ECF 12).

9. This Honorable Court granted Plaintiff's Motion to Compel on June 29, 2023. (ECF 13).

10. In the Order, this Honorable Court Ordered the Defendant to comply by July 21, 2023, or this Court may enter default against the Defendant.

11. Undersigned counsel corresponded with Defense counsel, but has not yet received any initial disclosures or responses to discovery.

12. Further, on July 12, 2023, Plaintiff's counsel put the Defendant on notice of her intention to seek default judgment.

13. Since the abovementioned July 12, 2023 letter, Defense counsel has not responded to Plaintiff's counsel's inquiry regarding the status of the initial disclosures and Plaintiff's discovery request.

14. On July 24, 2023, Plaintiff filed her first Motion for Default at ECF 14.

15. On September 15, 2023, Your Honor denied Plaintiff's first Motion for Default but granted Plaintiff's Motion to Compel at ECF 16.

16. In Your Honor's Order at ECF 16, the Defendant was given a new 10 days to make initial disclosures and a new 20 days to respond to Plaintiff's discovery request.

17. Accordingly, Defendant's Initial Disclosure were due by September 25, 2023, and Defendant's responses to Plaintiff's discovery requests were due by October 5, 2023.

18. The Defendant has not complied with Your Honor's Order. The Defendant has not made initial disclosures or responded to Plaintiff's discovery request.

19. Since the September 15, 2023, the date of Your Honor's Order, the Defendant has not communicated with Plaintiff.

20. Under Local Rule 26(g), Defense counsel has an affirmative duty in this District

to communicate with opposing counsel. *See* United States District Court for the

Western District of New York, Civil Principles and Guidelines, Lawyers' Duties

to Other Counsel.

## II.    Argument

21. Federal Rule of Civil Procedure 37, Failure to Make Disclosures or to Cooperate

in Discovery; Sanctions.

…
(b) Failure to Comply with a Court Order.
(2) *Sanctions Sought in the District Where the Action Is Pending.*
(A) *For Not Obeying a Discovery Order.* If a party or a party's
officer, director, or managing agent—or a witness designated
under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide
or permit discovery, including an order under Rule 26(f), 35,
or 37(a), the court where the action is pending may issue further
just orders. They may include the following:
(i) directing that the matters embraced in the order or other
designated facts be taken as established for purposes of the action,
as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing
designated claims or defenses, or from introducing designated
matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
**(vi) rendering a default judgment against the disobedient party**
(emphasis added); or
(vii) treating as contempt of court the failure to obey any order
except an order to submit to a physical or mental examination.

22. Further, Pursuant to F.R.C.P. 55(b)(2)

(2) *By the Court.* In all other cases, the party must apply to the
court for a default judgment. A default judgment may be entered
against a minor or incompetent person only if represented by a
general guardian, conservator, or other like fiduciary who has
appeared. If the party against whom a default judgment is sought
has appeared personally or by a representative, that party or its
representative must be served with written notice of the application
at least 7 days before the hearin[g].

23. Accordingly, Plaintiff has complied with Your Honor's Order, Rule 37(b)(2) and Rule 55(b)(2).

24. Plaintiff respectfully requests Default Judgment be Ordered against the Defendant, and respectfully asks this Honorable Court to enter the proposed Order.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant her motion and enter default.

Respectfully Submitted,

Date: October 6, 2023           /s/ Brian J. Zeiger
                                By: BRIAN J. ZEIGER, ESQUIRE
                                Levin & Zeiger, LLP
                                1500 JFK Boulevard, Suite 620
                                Philadelphia, PA 19102
                                (215) 546-0340

**IN UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Nicole M. Frye, Administrator of the | : | TRIAL BY JURY |
| Estate of James M. Huber | : | |
|     Plaintiff. | : | CIVIL ACTION NO. 22-597 |
| | : | |
|         v. | : | |
| | : | |
| Anthony Nigro | : | |
|     Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**I.    Introduction**

The Defendant has never made initial disclosures and has not responded to Plaintiff's discovery requests. Further, counsel for the Defendant has not communicated with Plaintiff's counsel regarding the dilatory disclosures and discovery responses. Under F.R.C.P. 26(b), 33(b)(2) and 34(b)(2), the Defendants should have made initial disclosures and responded to Plaintiff's discovery request by now.

Plaintiff filed a Motion to Compel (ECF 12), which this Honorable Court granted on June 29, 2023 (ECF 13). Your Honor set a due date for initial disclosures and discovery responses of June 21, 2023.

Plaintiff's counsel sent a ten-day letter on July 12, 2023, to the Defendant's attorney asking for a status of the disclosures and discovery, putting the Defendant on notice of the instant Motion to Compel. Since that time, the Defendant's attorney has not communicated with Plaintiff's counsel as to the status of the disclosures and discovery responses.

On July 24, 2023, Plaintiff filed her first Motion for Default at ECF 14. On September 15, 2023, Your Honor denied Plaintiff's first Motion for Default but granted Plaintiff's Motion to Compel at ECF 16. In Your Honor's Order at ECF 16, the Defendant was given a new 10 days to

make initial disclosures and a new 20 days to respond to Plaintiff's discovery request. Accordingly, Defendant's Initial Disclosure were due by September 25, 2023, and Defendant's responses to Plaintiff's discovery requests were due by October 5, 2023. The Defendant has not complied with Your Honor's Order. The Defendant has not made initial disclosures or responded to Plaintiff's discovery request.  Since the September 15, 2023, the date of Your Honor's Order, the Defendant has not communicated with Plaintiff.

## II.     Procedural and Factual History

Plaintiff filed a Complaint in this matter on August 1, 2022, after her brother was shot and killed by the defendant. (ECF 1). The Complaint included claims under U.S.C. 42 § 1983 for excessive force, etc. *Id*. The Defendant was served on August 8, 2022. (ECF 4). Counsel for the Defendant, Daniel Strollo, Esquire, entered his appearance on December 8, 2022. (ECF 6). The Defendant has never made his initial disclosures pursuant to F.R.C.P. 26. Plaintiff served Defendant with discovery requests on December 13, 2022. (Exhibit A). The Defendant has never responded to the discovery requests.

Your Honor held a Rule 16 conference on January 17, 2023. (ECF 9). Plaintiff's counsel agreed to make Defendants' initial disclosures due by February 23, 2023. (ECF 10).  Defendant's discovery responses were due on January 12, 2023. *See* F.R.C.P 33(a)(2). Defense counsel never made initial disclosures and never produced responses to discovery.

On February 24, 2023, Plaintiff's counsel contacted Defense counsel to inquire as to the status of the initial disclosures or discovery response. In the correspondence, Plaintiff gave Defense counsel ten days to update Plaintiff on the status of the disclosures and the responses to the discovery requests. Accordingly, Plaintiff put Defense counsel on notice of the instant motion in compliance with Local Rule 7(a)(1). Defense counsel has not responded to Plaintiff's

counsel's inquiry regarding the status of the initial disclosures and Plaintiff's discovery request.

Plaintiff filed a Motion to Compel on March 14, 2023. (ECF 12). This Honorable Court granted Plaintiff's Motion to Compel on June 29, 2023. (ECF 13). In the Order, this Honorable Court Ordered the Defendant to comply by July 21, 2023, or this Court may enter default against the Defendant. Undersigned counsel corresponded with Defense counsel, but has not yet received any initial disclosures or responses to discovery.

Further, on July 12, 2023, Plaintiff's counsel put the Defendant on notice of her intention to seek default judgment. Since the abovementioned July 12, 2023 letter, Defense counsel has not responded to Plaintiff's counsel's inquiry regarding the status of the initial disclosures and Plaintiff's discovery request.

Under Local Rule 26(g), Defense counsel has an affirmative duty in this District to communicate with opposing counsel. *See* United States District Court for the Western District of New York, Civil Principles and Guidelines, Lawyers' Duties to Other Counsel.

On July 24, 2023, Plaintiff filed her first Motion for Default at ECF 14. On September 15, 2023, Your Honor denied Plaintiff's first Motion for Default but granted Plaintiff's Motion to Compel at ECF 16. In Your Honor's Order at ECF 16, the Defendant was given a new 10 days to make initial disclosures and a new 20 days to respond to Plaintiff's discovery request. Accordingly, Defendant's Initial Disclosure were due by September 25, 2023, and Defendant's responses to Plaintiff's discovery requests were due by October 5, 2023. The Defendant has not complied with Your Honor's Order. The Defendant has not made initial disclosures or responded to Plaintiff's discovery request.  Since the September 15, 2023, the date of Your Honor's Order, the Defendant has not communicated with Plaintiff.

**III.    Legal Analysis**

Federal Rule of Civil Procedure 37, Failure to Make Disclosures or to Cooperate in

Discovery; Sanctions.

> …
> (b) Failure to Comply with a Court Order.
> (2) *Sanctions Sought in the District Where the Action Is Pending.*
> (A) *For Not Obeying a Discovery Order.* If a party or a party's
> officer, director, or managing agent—or a witness designated
> under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide
> or permit discovery, including an order under Rule 26(f), 35,
> or 37(a), the court where the action is pending may issue further
> just orders. They may include the following:
> (i) directing that the matters embraced in the order or other
> designated facts be taken as established for purposes of the action,
> as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> **(vi) rendering a default judgment against the disobedient party**
> (emphasis added); or
> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.

Further, pursuant to F.R.C.P. 55(b)(2)

> (2) *By the Court.* In all other cases, the party must apply to the
> court for a default judgment. A default judgment may be entered
> against a minor or incompetent person only if represented by a
> general guardian, conservator, or other like fiduciary who has
> appeared. If the party against whom a default judgment is sought
> has appeared personally or by a representative, that party or its
> representative must be served with written notice of the application
> at least 7 days before the hearin[g].

Accordingly, Plaintiff has complied with Your Honor's Order, Rule 37(b)(2)(A), and

Rule 55(b)(2). Plaintiff respectfully requests default against the Defendant, and respectfully asks

this Honorable Court to enter the proposed Order.

**IV.    Conclusion**

Accordingly, Plaintiff respectfully requests this Honorable Court Order enter Default against the Defendant.

Respectfully Submitted,

Date: October 6, 2023

/s/ Brian J. Zeiger
By: BRIAN J. ZEIGER, ESQUIRE
Levin & Zeiger, LLP
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 546-0340

## CERTIFICATION OF SERVICE

I, Brian J. Zeiger Esquire, attorney for Plaintiff in this matter, hereby certify that the attached pleading was sent to Defendant, by way of counsel, via ecf, today.

Respectfully Submitted,


Date: October 6, 2023                    /s/ Brian J. Zeiger
                                         By: BRIAN J. ZEIGER, ESQUIRE
                                         Levin & Zeiger, LLP
                                         1500 JFK Boulevard, Suite 620
                                         Philadelphia, PA 19102
                                         (215) 546-0340