DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFA6A9B0C41

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE M. FRYE, ADMINISTRATOR OF THE ESTATE OF JAMES M. HUBER, <br><br> Plaintiff, <br><br> – against – <br><br> ANTHONY NIGRO, <br><br> Defendant. | **STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL** <br><br> 22-CV-00597 (CCR) |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Nicole M. Frye, Administrator of the Estate of James M. Huber, ("Plaintiff") and Defendant Anthony Nigro ("Defendant") (Plaintiff and Defendant, collectively, "the Parties") as of September 6, 2024:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about August 1, 2022, (ECF No. 1), alleging claims against Defendant pursuant to 42 U.S.C. § 1983; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, by Stipulation of Settlement, General Release, and Order of Dismissal dated September 6, 2024, all claims against Defendant are dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any

Docusign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFAA6A9B0C41

court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.    **Payments to Plaintiff and Plaintiff's Attorneys.** For and in consideration of Plaintiff's execution of this Settlement Agreement, agreement to be bound by its terms, and undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5, 6, 7 and 8 herein, the State of New York, on behalf of Defendant, shall pay the total sum of One Million Six Hundred Seventy Five Thousand Dollars and No Cents ($1,675,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

a.    The State of New York, on behalf of Defendant, shall pay the gross sum of $1.675 million dollars (One Million Six Hundred Seventy Five Thousand Dollars and No Cents) in full and complete satisfaction of any and all claims, allegations, or causes of action (inclusive

DocuSign Envelope ID: 72B69A2D-33B6-4363-BUC1-FFAA0A9BUC41

of attorney's fees and costs) for compensatory damages (pain and suffering). The foregoing payment shall be made consistent with the terms of the Order of Erie County (Pennsylvania) Register of Wills/Orphans' Court payable as follows:

- Nicole M. Frye, Administratrix of the Estate of James Huber, Deceased    $1,083,734.34
- Levin & Zeiger LLP (Attorney's fees)    $586,250.00
- Levin & Zeiger LLP (Costs)    $5,015.66

and mailed to Levin & Zeiger LLP, 1500 JFK Blvd., Suite 620, Philadelphia, P 19102 (see Order attached as Exhibit B).

     **3.**    <u>**State Approval of Payments.**</u> Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but limited to, Plaintiff's Affirmation of Medicare Status as set forth in Paragraphs 7 & 8 of this Settlement Agreement.

     **4.**    <u>**Accrual of Interest.**</u> In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FF7A6A9B0C41

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns,

DocuSign Envelope ID: 7ZB69A2D-33B6-4363-B0C1-FFAA6A9B0C41

whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff represents and warrants that plaintiff's decedent is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on his behalf by Medicare, and further that there is no expectation he would be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in this Settlement Agreement.

8. **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions,

DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFAA6A9B0C41

subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendant and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraph 7, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **General Release.** For and in consideration of the payment of the settlement amount(s) referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of themself, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendant, Anthony Nigro, New York State Police (or any current or former employee thereof involved in this incident), and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, [grievances pursuant to any applicable collective bargaining agreement, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements,

Docusign Envelope ID: 72B69A2D-33B6-4365-B0C1-FFA46A9B0C41

promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Additionally, nothing in this General Release prohibits Plaintiff from testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

  **10.** **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

  **11.** **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract,

Docusign Envelope ID: 72B69A2D-33B0-4363-B0C1-FFAA6A9B0C41

or otherwise.

    12.    **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

    13.    **No Prevailing Party.** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

    14.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendant Anthony Nigro, the New York State Police (or any current or former employee thereof involved in this incident) or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

    15.    **No Precedential Value.** This Settlement Agreement shall not in any manner be

DocuSign Envelope ID: 72B69A2D-33B6-4383-BDC1-FFAA6A9BDC41

construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendant Anthony Nigro, the New York State Police (or any current or former employee thereof involved in this incident) or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.    **Voluntary Agreement.** Plaintiff represents that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that he/she has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he/she understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this

DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFA46A9B0C41

Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22. **Severability.** With the exception of Paragraphs 2, 3,5,6,7,8 & 9 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24. **Counterparts.** This Settlement Agreement may be executed in several

Docusign Envelope ID: 72B09A2D-33B6-4383-B0C1-FFAA6A9B0C41

counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**25.** <u>**Submission to the Court.**</u> This Settlement Agreement shall be submitted to the Court be "So Ordered" pursuant to plaintiff's obligation to comply with Rule 41(2) of the Local Rules of the United States District Court for the Western District of New York.1

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: _September 5_, 2024        _Nicole M Frye_

_____

Nicole M. Frye, as Administrator of the Estate of James M. Huber

STATE OF _Pennsylvania_     )

                            ) ss.:

COUNTY OF _Philadelphia_    )

On the _5TH_ day of _September_, 2024, before me personally came and appeared _Nicole M. Frye_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

1 WDNY Local Rule 41(2) "Settlements of Actions Brought on Behalf of Decedents' Estates.

A. Actions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of Court. The application to settle or compromise shall include a signed affidavit or petition by the estate representative and a signed affidavit by the representative's attorney addressing the following:

   i.    The circumstances giving rise to the claim;

   ii.   The nature and extent of the damages;

   iii.  The terms of the proposed settlement, including the attorney's fees and disbursements to be paid out of the settlement;

   iv.  The circumstances of any other claims or settlements arising out of the same occurrence; and

   v.   The reasons why the proposed settlement is believed to be in the best interests of the estate and distributes.

    (A)Counsel shall submit a proposed order approving the settlement.

    (B)The Judge shall determine whether a hearing is necessary.

    (C)Upon approving the settlement attorney's fees, and disbursements, the Judge shall direct the estate representative to apply to the appropriate Surrogate of the State of New York, or analogous jurist of another state, for an order of distribution of the net proceeds of the settlement pursuant to Section 5-4.4 of New York's Estate Powers and Trusts Law or the analogous provision of the appropriate state's law.

Docusign Envelope ID: 72B69A2D-33B8-43B3-B0C1-FFA16A9B0C41

*Amanda St. John*
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Amanda St. John, Notary Public
Philadelphia County
My commission expires July 11, 2026
Commission number 1287626
Member, Pennsylvania Association of Notaries

Dated: _September 5_ ; 2024
Philadelphia, Pennsylvania

Levin & Zeiger LLP
*Attorneys for Plaintiff*
By: _____

Brian J. Zeiger, Esq.
1500 JFK Blvd.
Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com

Dated: _September 6_ , 2024
Orchard Park, New York

MEYERS BUTH LAW GROUP pllc
*Attorneys for Defendant*
By: _____

Cheryl Meyers Buth, Esq.
21 Princeton Place, Ste. 105
Orchard Park, New York 14127
(716) 508-8598
cmbuth@mblg.us

Dated: _October 3_ , 2024

SO ORDERED:
_____
Honorable Christina Reiss
United States District Judge

DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFAA6A9B0C41

# Exhibit A

Docusign Envelope ID: 72B69A2D-33B6-4383-B0C1-FFAA6A9B0C41

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE M. FRYE, ADMINISTRATOR OF THE ESTATE OF JAMES M. HUBER, | **AFFIRMATION OF MEDICARE STATUS** |
| Plaintiff, | 22-CV-00597 (CCR) |
| – against – | |
| ANTHONY NIGRO, | |
| Defendant. | |

STATE OF PENNSYLVANIA   )
                               ) ss.:
COUNTY OF __Erie____      )

      NICOLE M. FRYE, being duly sworn, deposes and says:

1.     I am the plaintiff in the above-entitled action, I am a citizen of the United States, I reside at 45 Crestwood Ln., North East, PA 16428 and my telephone number is __(814) 572-6369_____.

2.     I am making this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives (Office of Attorney General "OAG") in connection with the settlement of this action against Anthony Nigro particularly as it relates to the OAG's obligations concerning Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been / will be made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify the Medicare status of the decedent herein.

4.     I hereby acknowledge and understand that, as mandated by the U.S. Centers for Medicare and Medicaid Services ("CMS") and promulgated by and through CMS's rules and regulations,

DocuSign Envelope ID: 72B69A2D-35B6-4363-B0C1-FFA6A9B0C41

including but not limited to the MMSEA and/or MSP, as the representative of decedent's estate I am required to:

    a.    reimburse Medicare from the proceeds of the settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

    b.    utilize the settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5.    I further acknowledge that the information provided herein will be relied upon by defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and/or as deemed necessary and/or required by the defendant and OAG.

6.    I hereby agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

7.    The only name decedent was ever been known by is James M. Huber.

8.    I consent to OAG verifying Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.    I affirm that:

    a.    Decedent's social security number is 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 ;
    b.    Decedent's date of birth is 11/12/1983 ; and
    c.    Decedent's gender is male.

## CURRENT MEDICARE ELIGIBILITY
*Initial and affirm applicable current Medicare eligibility status*

10.    As of the date of this affidavit:

    a.    x _____ Decedent is not currently receiving nor has he ever received Medicare coverage and/or benefits;

**OR**

DocuSign Envelope ID: 72B69A2D-33B6-4363-B0C1-FFAA6A9B0C41

b.    ✎_____    Decedent was a Medicare Beneficiary, and his Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C and D Plans (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that decedent received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds decedent's estate receives from the settlement of this personal injury action; and

**Decedent's Medicare coverage is as follows:**

**Part A**
         effective date:                    _____
         termination date (if applicable):  _____

**Part B**
         effective date:                    _____
         termination date (if applicable):  _____

**Part C (list ALL providers from the date of incident until the date of settlement/judgment)**
         Provider Name:                      _____
         effective date:                     _____
         termination date (if applicable):   _____

**Part D (list ALL providers from the date of incident until the date of settlement/judgment)**
         Provider Name:                      _____
         effective date:                     _____
         termination date (if applicable):   _____

DocuSign Envelope ID: 72B89A2D-33B6-43B3-B0C1-FFAA6A9B0C41

i.    ✒ _____    Medicare (Part A & B) has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter);*

ii.    ✒ _____    Medicare Plan(s) (Part C & D), if applicable, have confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of the Medicare's Lien Letter);*

iii.    ✒ _____    Medicare (Part A & B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter).* In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation;

iv.    ✒ _____    Medicare Plan(s) (Part C & D) have confirmed that it/they will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. *(Attach copies of Medicare Lien Letter[s]).* In accordance with the attached Medicare Lien Letter(s), on behalf of decedent's estate, I consent to the payment in the aforementioned manner of a total of $_____ directly from the total proceeds of the above-captioned litigation in reimbursement to the provider(s) of my Medicare Parts C and D benefits;

v.    ✒ _____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to defendant's attorney and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me on behalf of decedent's estate against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent on behalf of decedent's estate to the payment, directly from the total proceeds of the settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

DocuSign Envelope ID: 72B69A2D-33B6-4383-B0C1-FFA46A9B0C41

## FUTURE MEDICARE ELIGIBILITY

*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11.   As of the date of this affidavit:

a.      ✎  _X_  _ƬHℓ_        I do not expect to be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation.  I affirm that:
   i.       I have not applied for social security disability (SSDI);
   ii.      I have not been denied SSDI and anticipating appealing that decision;
   iii.     I am not in the process of appealing or re-filing for SSDI;
   iv.     I am not 62.5 years or older; and
   v.      I do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.      ✎ _N/A_____        I am not current a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

   i.       ✎ _____N/A___        I do not require any future treatment for injuries that are the subject of this personal injury action.  The required physician certification(s) for the injuries alleged in the *[complaint/ claim/ bill of particulars – specify all applicable documents]* is attached.  The attached physician certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

   ii.      ✎ _____N/A___        I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the [judgment in/settlement of] the above-captioned litigation. I affirm this sum will be used for my future medical expenses relating to the injuries of this personal injury action; or

   iii.     ✎ ___N/A_____        I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the [judgment in/settlement of] this action to pay for any medical expenses relating to such injuries.

DocuSign Envelope ID: 72B69A2D-33B0-4383-B0C1-FFA46A9B0C41

## OR

c.　✎__N/A____　I am currently a Medicare Beneficiary and

   i.　✎___N/A____　I do not require any future treatment for injuries that are the subject of this personal injury action. The required physician certification(s) for the injuries alleged in the *[complaint/ claim/ bill of particulars – specify all applicable documents]* is attached. The attached physician certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

   ii.　✎___N/A____　I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for my future medical expenses relating to the injuries that are the subject of this personal injury action; or

   iii.　✎___N/A____　I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.


                                         _____
                                         NICOLE M. FRYE, as
                           administrator of the estate of
                              JAMES M. HUBER

Sworn to before me this
2ᴺᴰ day of *October*, 2024.

_____
NOTARY PUBLIC

> Commonwealth of Pennsylvania - Notary Seal
> Amanda St. John, Notary Public
> Philadelphia County
> My commission expires July 11, 2026
> Commission number 1287526
> Member, Pennsylvania Association of Notaries

# EXHIBIT B

COPY

### IN THE COURT OF COMMON PLEAS OF ERIE COUNTY
### SIXTH JUDICIAL DISTRICT OF PENNSYLVANIA
### ORPHANS' COURT DIVISION

### IN RE: ESTATE OF JAMES HUBER, deceased
### NO.: 286-2024

### DECREE

AND NOW, this 26Th day of August, 2024 upon consideration of Petitioner's

Uncontested Motion to Approve Distribution of Settlement Proceeds to Estate In Accordance With

Federal District Court Order filed in the above matter, it is hereby ORDERED and DECREED

that the settlement proceeds from the Estate of James Huber, deceased vs. Anthony Nigro

(W.D.N.Y., Civil Action No. 22-597) shall be distributed as follows:

TO: Nicole M. Frye, Administratrix of the Estate of          $1,083,734.34
James Huber, Deceased

TO: Levin & Zeiger LLP (Attorney's fees)                     $586,250.00

TO: Levin & Zeiger LLP (Costs)                               $5,015.66

It is furthered ORDERED and DECREED that Nicole Frye, Administratrix of the Estate

of James Huber, deceased, shall fully administer the estate in accordance with the provisions of

Title 20 of Pennsylvania's Probate, Estates, and Fiduciaries Code.

BY THE COURT:

_____
                                              J.

FILED
AUG 27 2024
REGISTER OF WILLS

{03876436;v1 }